UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LUFT,

    Plaintiff,

-vs-

PEGASYSTEMS INC., a Foreign
Profit Corporation,

    Defendant.

Case No. 21-cv-

Hon.

---

Barry S. Fagan  (P34275)
Ryan O. Rosenberg  (P84530)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com
rrosenberg@faganlawpc.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, DAVID LUFT, by and through his attorneys, FAGAN MCMANUS, P.C., and for his cause of action against the Defendant, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff, DAVID LUFT, is an individual residing in the City of

1

Clinton Township, County of Macomb, State of Michigan.

2.  Defendant, PEGASYSTEMS INC. (hereinafter referred to as "PEGASYSTEMS") is a Foreign Profit Corporation and, at all times pertinent hereto, engaged in business and operated an office in the City of Detroit, County of Wayne, State of Michigan.

3.  This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332 (diversity) and 28 U.S.C. §1367 (supplemental).

4.  The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, attorneys' fees and punitive damages.

## **GENERAL ALLEGATIONS**

5.  Plaintiff is an Asian-American male that was hired by PEGASYSTEMS as a Client Success Director in April 2019.

6.  Plaintiff performed well in his role and received an excellent performance review for the year 2020.

7.  Based upon his excellent performance, Plaintiff was promoted to the position of Vice President of Client Success in December 2020.

8.  In February 2021, Plaintiff began reporting to Senior Vice President of Global Client Success, John Higgins ("Higgins").

9.  Higgins had seven direct reports, including Plaintiff.

10. Plaintiff was the only Asian employee that reported to Higgins.

The remainder of the direct reports were Caucasian males.

11. After Plaintiff began reporting to Higgins, he noticed a difference in the manner he was being treated by Higgins compared to his co-workers.

12. Specifically, Higgins began ignoring Plaintiff, failed to have monthly one-on-one meetings with him to discuss work related issues, and Plaintiff noticed that Higgins was assigning more work to Plaintiff's co-worker located in Europe than he assigned to Plaintiff.

13. In September 2021, Plaintiff attended a meeting with Higgins and Plaintiff's co-workers regarding Key Performance Indicators.

14. During the meeting, Higgins singled Plaintiff out, unfairly attacked Plaintiff regarding certain project metrics that Higgins was wrong about, claimed that Plaintiff did not know what was going on with his projects, which was untrue, and spoke to him in a demeaning and condescending manner.

15. During the meeting, Higgins refused to listen to Plaintiff when he tried to explain that Higgins was incorrect regarding what he claimed to be the project metrics..

16. During the meeting, Higgins treated Plaintiff's Caucasian co-workers with respect and did not attack them.

17. Subsequently, the Operations Team sent out an email to the

3

participants in the meeting stating that Plaintiff was correct regarding his understanding of the project metrics.

18. On October 13, 2021, Higgins informed Plaintiff that he was being terminated effective November 2, 2021. Higgins told Plaintiff that he did not think that Plaintiff was a good fit, stating that Plaintiff allegedly did not have experience moving from an on-premise company to a cloud-based company. In response, Plaintiff indicated that Higgins did not have that experience.

19. Plaintiff was terminated form his employment with PEGASYSTEMS effective November 2, 2021.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981

20. Plaintiff incorporates paragraphs 1 through 19 above as if specifically referenced herein.

21. 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, prohibits discrimination against an employee based upon race.

22. Notwithstanding the duties owed to Plaintiff pursuant to 42 U.S.C. §1981, PEGASYSTEMS discriminated against Plaintiff and took adverse action toward him because of his race, including, but not limited to:

    a. Treating him differently than similarly situated non-Asian employees;

4

      b.     Terminating his employment on October 13, 2021;

      c.     Other acts of racial discrimination to be determined through discovery.

23.    As a direct and proximate result of PEGASYSTEMS' discriminatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

      a.     Loss of wages and other forms of compensation;

      b.     Loss of the value of employee benefits;

      c.     Loss of restricted stock units;

      d.     Loss of earning capacity;

      e.     Loss of promotional opportunities;

      f.     Loss of professional esteem and consequent damage to Plaintiff's professional career;

      g.     Extreme embarrassment, humiliation, inconvenience, mental anguish, indignity, outrage and disappointment;

      h.     Other damages to be determined.

24.    The above-referenced discriminatory and retaliatory conduct by PEGASYSTEMS toward Plaintiff was malicious and/or engaged in with reckless indifference to Plaintiff's federally protected civil rights and, as a result, Plaintiff is entitled to punitive damages.

25. Plaintiff also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for judgment against PEGASYSTEMS, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, punitive damages, and attorneys' fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

26. Plaintiff incorporates paragraphs 1 through 25 above as if specifically repeated herein.

27. PEGASYSTEMS is an employer within the meaning of the Elliott-Larsen Civil Rights Act (hereinafter referred to as the "ELCRA").

28. The ELCRA prohibits, among other things, discrimination based on race.

29. Notwithstanding the duties owed to Plaintiff pursuant to the ELCRA, PEGASYSTEMS discriminated against Plaintiff and took adverse action toward him because of his race including, but not limited to:

   a. Treating him differently than similarly situated non-Asian employees;

6

  b. Terminating his employment on October 13, 2021;

  c. Other acts of racial discrimination to be determined through discovery.

30. As a direct and proximate result of PEGASYSTEMS' discriminatory conduct toward Plaintiff, Plaintiff has suffered and will in the future suffer damages including, but not limited to:

  a. Loss of wages and other forms of compensation;

  b. Loss of the value of employee benefits;

  c. Loss of restricted stock units;

  d. Loss of earning capacity;

  e. Loss of promotional opportunities;

  f. Loss of professional esteem and consequent damage to Plaintiff's professional career;

  g. Extreme embarrassment, humiliation, inconvenience, mental anguish, indignity, outrage, and disappointment;

  h. Exemplary damages;

  i. Other damages to be determined.

31. Plaintiff also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff prays for Judgment against Defendant, in

whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorneys' fees. Plaintiff also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

                          Respectfully submitted,

                          FAGAN MCMANUS, P.C.

                          By: /s/ *Barry S. Fagan*
                              Barry S. Fagan (P34275)
                              Attorney for Plaintiff
                              25892 Woodward Avenue
                              Royal Oak, MI  48067-0910
                              (248) 542-6300

Dated:  December 20, 2021          bfagan@faganlawpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LUFT,

    Plaintiff,

-vs-

PEGASYSTEMS INC.,

    Defendant.

Case No. 21-cv-

Hon.

---

Barry S. Fagan  (P34275)
Ryan O. Rosenberg  (P84530)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@faganlawpc.com
rrosenberg@faganlawpc.com

---

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, by and through his attorneys, FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

    Respectfully submitted,

    FAGAN MCMANUS, P.C.

    By: /s/ *Barry S. Fagan*
       Barry S. Fagan (P34275)
       Attorney for Plaintiff
       25892 Woodward Avenue
       Royal Oak, MI  48067-0910
       (248) 542-6300

Dated:  December 20, 2021       bfagan@faganlawpc.com